UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

HAWORTH, INC.,
a Michigan corporation,

       Plaintiff,

v.                                                      Case No. 1:14-CV-_____

CONKLIN OFFICE SERVICES, INC.,
a Massachusetts corporation,

       Defendant.

## COMPLAINT

Plaintiff, Haworth, Inc. brings its Complaint against Conklin Office Services, Inc., stating as follows:

### PARTIES

1. Plaintiff Haworth, Inc. ("**Haworth**") is a Michigan corporation having its principal place of business in Holland, Michigan. Haworth is a global leader in the design and manufacture of organic workspaces, including office chairs and other seating products, systems furniture, raised floors, movable walls, storage and wood casegoods.

2. Upon information and belief, Defendant Conklin Office Services, Inc., d/b/a Conklin Office Furniture ("**Conklin**") is a Massachusetts corporation with its principal place of business at 56 Canal Street, Holyoke, Massachusetts, 01040. Conklin is an office furniture manufacturer and seller that manufactures and sells, among other things, office chairs, including the XCalibr office chair that is at issue in this litigation.

## JURISDICTION AND VENUE

3. This is an action arising under the Patent Act, 35 U.S.C. § 101 *et al.*, for patent infringement.

4. This Court has subject matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1338(a) as this action arises under the patent laws of the United States.

5. Conklin is subject to personal jurisdiction in this District because it has sufficient contacts within this jurisdiction, including but not limited offering to sell and selling XCalibr office chairs in this District.

6. Venue is proper in this District under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

7. Haworth has taken steps over the years to protect its innovative products. In particular, Haworth is and has been the sole owner by assignment of all right, title, and interest to United States Patent No. 7,347,495 (the "**'495 Patent**"), entitled "Chair Back with Lumbar and Pelvic Supports." (**Exhibit A.**)

8. Haworth also is and has been the sole owner by assignment of all right, title, and interest to United States Design Patent No. D587,942 (the "**'942 Patent**"), entitled "Lumbar Support for an Office Chair." (**Exhibit B.**)

9. Conklin has, without authority or license from Haworth, made, used, offered to sell, sold or imported into the United States products that infringe the '495 Patent and '942 Patent (collectively, the "**Haworth Patents**"). The infringing products include, but are not limited to, the XCalibr office chair.

10. At all times relevant to this litigation, Haworth marked each of its products embodying the patent inventions with at least the '495 patent marking, thus providing notice of the Haworth Patents.

11. Further, Conklin was made aware of at least the '495 Patent as of May 8, 2014, when Haworth, through counsel, sent Conklin a cease-and-desist letter because Conklin's manufacture, use, and sale of its XCalibr office chair was infringing Haworth's '495 Patent. Despite this notice, Conklin continues to actively market and sell the XCalibr office chair.

12. Moreover, Conklin actively and purposefully encourages infringement of the Haworth Patents through at least its marketing and sales activities directed at its third-party customers, including but not limited to its website at www.conklinoffice.com.

13. Conklin had and continues to have specific intent to induce infringement of the Haworth Patents at least by marketing and selling its infringing products with the intent that the products be bought and used by its customers, while knowing that the customer's acts constitute infringement.

14. Haworth is entitled to sue for past, present, and future infringement of the Haworth Patents.

## COUNT I
### (Infringement of the '495 Patent)

15. Haworth incorporates by reference all preceding paragraphs.

16. Conklin has been and still is making, using, offering to sell, selling, or importing into the United States products, including but not limited to the XCalibr office chair, that infringe one or more claims of the '495 Patent in violation of 35 U.S.C. § 271(a).

17. Conklin has been and still is actively inducing others to infringe one or more claims of the '495 Patent in violation of 35 U.S.C. § 271(b).

18. Conklin's infringement of one or more claims of the '495 Patent has been intentional and willful, making this an exceptional case.

19. Conklin's continued infringement of one or more claims of the '495 Patent has damaged and will continue to damage Haworth.

20. Conklin's infringement of one or more claims of the '495 Patent has irreparably harmed Haworth and will continue to irreparably harm Haworth with no adequate remedy at law.

## COUNT II
### (Infringement of the '942 Patent)

21. Haworth incorporates by reference all preceding paragraphs.

22. Conklin has been and still is making, using, offering to sell, selling, or importing into the United States products, including but not limited to the XCalibr office chair, that infringe one or more claims of the '942 Patent in violation of 35 U.S.C. § 271(a).

23. Conklin has been and still is actively inducing others to infringe one or more claims of the '942 Patent in violation of 35 U.S.C. § 271(b).

24. Conklin's continued infringement of one or more claims of the '942 Patent has damaged and will continue to damage Haworth.

25. Conklin's infringement of one or more claims of the '942 Patent has irreparably harmed Haworth and will continue to irreparably harm Haworth with no adequate remedy at law.

**WHEREFORE**, Haworth respectfully requests the following relief:

A. Judgment that Conklin has infringed and actively induced others to infringe the Haworth Patents;

B. A permanent injunction enjoining Conklin, its officers, employees, agents, and all others acting in concert with it or participating with it from further infringement or inducement of infringement of the Haworth Patents;

  C. An award of damages adequate to compensate Haworth for Conklin's infringement, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

  D. Enter an order trebling all damages awarded to Haworth by reason of Conklin's willful infringement of at least the '495 Patent, as provided under 35 U.S.C. § 284;

  E. Enter an order awarding Haworth interest on the damages awarded and its costs as provided under 35 U.S.C. § 284;

  F. Enter an order finding that this is an exceptional case and award Haworth its reasonable costs, expenses, and reasonable attorneys' fees in accordance with 35 U.S.C. § 285; and,

  G. Award such other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

  Haworth demands a trial by jury.

Dated: July 7, 2014

    /s/ R. Michael Azzi
    R. Michael Azzi (P74508)
    **WARNER NORCROSS & JUDD LLP**
    Attorneys for Plaintiff
    111 Lyon Street, N.W., Suite #900
    Grand Rapids, Michigan 49503-2487
    Telephone: 616.752.2784